UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No.: 8:07-cr-239-RAL-JSS

JEROME TURNER

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant Jerome Turner's Motion for Emergency Immediate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) "Compassionate Release" (Dkt. 35) and the Government's Response in Opposition (Dkt. 39). The presiding District Judge referred this matter to the undersigned for a report and recommendation. (Dkt. 42.) Upon consideration and for the reasons stated below, the undersigned recommends denial of Defendant's Motion.

Defendant was indicted in this matter on June 13, 2007 (Dkt. 1) and pled guilty to conspiring to possess with the intent to distribute five kilograms or more of cocaine. (Dkts. 16, 17.) Defendant was sentenced to a term of imprisonment of two hundred thirty-five months. (Dkt. 23, 32.)

In the Motion, Defendant seeks compassionate release from incarceration on the grounds that he suffers from hypertension, diabetes, and obesity. (Dkt. 35.) He also explained that his pre-existing health conditions pose a high risk of a negative outcome if he is exposed to COVID-19 while incarcerated. (Id.) Further, Defendant notes that he has served almost 73% of his sentence of incarceration, has no

disciplinary infractions, and is being held in a medium security facility. (Id.) As a result, Defendant maintains that his release would not pose a danger to the community and compassionate release is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that the court may reduce a term of imprisonment after considering the factors provided in Section 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has not provided extraordinary and compelling reasons warranting compassionate release. Defendant has not provided documentation demonstrating that he is unable to provide self-care in the prison environment or that his medical conditions are severe or life threatening. Although Defendant has shown that he suffers from medical conditions, the conditions do not constitute extraordinary and compelling reasons as provided in Section 3582(c)(1)(A). *See United States v. Alphonso*, No. 20-11998, 2021 WL 1574051 (11th Cir. Apr. 22, 2021) (palatal perforation, sleep apnea, upper respiratory issues and risk of COVID-19 complications did not warrant compassionate release); *United States v. Jackson*, No. 20-12748, 2021 WL 1400937 (11th Cir. Apr. 14, 2021) (hypertension, high cholesterol, sinus and allergy problems, heart disease, and risk of COVID-19 complications did not warrant compassionate release); *United States v. Cochran*, No. 20-13756, 2021 WL 1574018 (11th Cir. Apr. 22, 2021) (respiratory issues and risk of COVID-19 complications did not warrant compassionate release).

The factors provided in 18 U.S.C. § 3553(a) also weigh against compassionate release. In this case, a search warrant was executed at Defendant's residence and law enforcement seized one kilogram of cocaine, three digital scales, and drug proceeds, among other items. According to Defendant, shortly before the search warrant was executed, he assisted in offloading a shipment of thirty to forty kilograms of cocaine. He obtained three kilograms of cocaine from the shipment and distributed two of them. The remaining kilogram of cocaine was found by law enforcement during the execution of the search warrant. Defendant pleaded guilty and admitted to his involvement in receiving multi-kilogram quantities of cocaine from a co-conspirator which Defendant distributed to others on an ongoing basis. The Government estimates that Defendant conspired to possess and distribute approximately 144 kilograms of cocaine. Defendant is currently serving a sentence of two hundred thirty-five months of incarceration. (Dkt. 23, 32.) This sentence reflects the seriousness of Defendant's offense, promotes respect for the law and provides just punishment for Defendant's crime. Defendant's sentence is also needed to protect the public from further crimes of Defendant.

Defendant also contends that his release to home confinement is warranted. (Dkt. 35.) Defendant explains, however, that the Bureau of Prisons denied his request for home confinement due to public safety concerns. (Dkt. 35.) The Court lacks the authority to designate a prisoner's place of incarceration and cannot direct the Bureau of Prisons to impose the condition of home confinement. *See United States v. Calderon*, 801 F. App'x 730 (11th Cir. 2020).

Upon consideration, Defendant has not met his burden of establishing extraordinary and compelling reasons warranting compassionate release. Accordingly, it is recommended that Jerome Turner's Motion for Emergency Immediate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) "Compassionate Release" (Dkt. 35) be **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on June 7, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4